**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**LEWIS FRANCIS MOFFETT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-454-JHM**

**JASON MCGHEE** **DEFENDANT**

# MEMORANDUM OPINION

This matter is before the Court on an initial review of Plaintiff Lewis Francis Moffett's *pro se* civil-rights complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss Plaintiff's claims.

## I.

Plaintiff is a pretrial detainee housed at the Daviess County Detention Center. He sues Jason McGhee, an attorney with the Department of Public Advocacy ("DPA"), in his official capacity under 42 U.S.C. § 1983 alleging violations of his due process rights. Plaintiff asserts that Defendant "did not let me have my preliminary hearing" and allowed the denial of his bond based on a prior criminal charge from 28 years ago. Plaintiff further alleges that at another court hearing, Defendant did nothing to prevent the trial court's denial of Plaintiff's bond reduction. Plaintiff seeks damages and immediate release from jail.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claim**

Plaintiff sues Defendant in his official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendant is an employee of the Kentucky DPA which is a state agency. *Hayes v. Campbell Cnty. Det. Ctr.*, No. CV 2:20-106-DCR, 2020 WL 4455114, at *2 (E.D. Ky. Aug. 3, 2020); Ky. Rev. Stat. § 31.010. Therefore, Plaintiff's official-capacity claim against Defendant is construed as brought against his employer, the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claim against Defendant for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Furthermore, to the extent that Plaintiff seeks immediate release from custody, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ, 2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018).

**B. Individual-Capacity Claim**

In as much as Plaintiff intended to sue Defendant in his individual capacity, "it is firmly established that a defense attorney, regardless of whether he is a public defender or a private

attorney, is not a state actor for purposes of § 1983." *Webb v. Ky. Dep't of Pub. Advoc.*, No. 5:17-CV-P81-TBR, 2017 WL 3441082, at *2 (W.D. Ky. Aug. 9, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Thus, any claim against Defendant in his individual capacity would be subject to dismissal for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: November 12, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014